IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ORLANDO MONTES,**

    Plaintiff,

v.                                                                                   16-cv-0126 JCH/SMV

**PINNACLE PROPANE, L.L.C.,**
**ALLEN SULTEMEIER, COUNTY OF LINCOLN,**
**LINCOLN COUNTY FAIR ASSOCIATION,**
**and JOHN DOES I-II,**

    Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT PINNACLE PROPANE FOR BAD FAITH AT SETTLEMENT CONFERENCE

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions—Bad Faith in Settlement Mediation (Against Pinnacle Propane, LLC & AIG Insurance) [Doc. 139], filed on September 16, 2016. Pinnacle did not respond, and the time for doing so has passed. Pinnacle's lack of response "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). On review of the motion, the lack of response, the relevant law, and having conducted the settlement conference and being otherwise fully advised in the premises, the Court finds that sanctions are warranted. Pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority, the Court will grant the motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Sanctions—Bad Faith in Settlement Mediation (Against Pinnacle Propane, LLC & AIG Insurance) [Doc. 139] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff file an affidavit of the expenses, costs, and attorney fees that he claims no later than **October 27, 2016**.  If Defendant Pinnacle Propone disputes the amount or reasonableness of the fees, it may respond no later than **ten days** after Plaintiff files his affidavit.  No argument on the merits of the motion will be entertained; Pinnacle may only respond if it contests the amount or reasonableness of the expenses, costs, and fees claimed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**