## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ORLANDO MONTES,**

     **Plaintiff,**

**v.**                                              **16-cv-0126 JCH/SMV**

**PINNACLE PROPANE, L.L.C.,**
**ALLEN SULTEMEIER, COUNTY OF LINCOLN,**
**LINCOLN COUNTY FAIR ASSOCIATION,**
**ROBERT L. SHEPPERD, CHRISTOPHER OLSON,**
**BILLY BOB SCHAFFER, and JOHN DOES I–II,**

     **Defendants.**

### ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT PINNACLE PROPANE, LLC

THIS MATTER is before the Court on Plaintiff's Motion for Discovery Sanctions [Doc. 137] and his Memorandum in Support [Doc. 138] (collective, "Motion"), filed September 16, 2016. Defendant Pinnacle Propane, LLC, filed its Response in Opposition on September 28, 2016. [Doc. 149]. Plaintiff filed his Reply on October 11, 2016. [Doc. 158]. Having considered the parties' submissions and relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is not well-taken and should be DENIED.

### Background

This case arises from a propane explosion that resulted in the death of Ms. Viola Montes. [Doc. 49]. There is a dispute as to who filled the propane tank at issue, and whether that person was acting in the course and scope of his employment with Defendant Pinnacle Propane, LLC ("Pinnacle"). Plaintiff served Defendant Christopher Olson ("Olson") with requests for admissions, asking him to admit that he was being supervised and trained by Defendant Allen

Sultemeier ("Sultemeier") on July 2, 2015, the date the tank was filled.  [Doc. 137] at 2.  Olson admitted he was being trained by Sultemeier on that date, but denied that he was being supervised by Sultemeier.  *Id.*  Plaintiff subsequently filed his Motion, not against Olson, but against Pinnacle, seeking, in Plaintiff's words, "the [C]ourt's determination that Defendant Olson was . . . under the supervision of [Sultemeier] on July 2, 2015."  [Doc. 138] at 1.

<u>**Law Regarding Requests for Admission**</u>

Federal Rule of Civil Procedure 36 permits parties to serve upon other parties "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  One district court has stated:

> Rule 36 is not a discovery device.  The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.

*T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see* 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 36.02[1] (3d ed. 2016) ("While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose.  Instead, requests for admission are used to establish admission of facts about which there is no real dispute.").

In responding to a request for admission, a party may: (1) object on the grounds that the requested matter is beyond the scope of discovery permitted by Rule 26(b)(1); (2) admit the request; (3) deny the request; (4) provide a detailed explanation why, after making reasonable inquiry, the matter can neither be admitted nor denied; or (5) provide a good faith qualified admission or denial that admits certain matters, if possible, but denies or gives a qualified answer

to the rest.  *Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 73 (D.D.C. 2003); Fed. R. Civ. P. 36(a)(4)–(5).  In responding to a request for admission, a party must make "reasonable inquiry and secure such knowledge and information as are readily obtainable by him[.]"  *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 665 (D. Colo. 2005) (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendments).  Generally, a party is only required to review and inquire of persons and documents that are within the responding party's control.  *Uniden Amer. Corp. v. Ericsson, Inc.*, 181 F.R.D. 302, 303–04 (M.D.N.C. 1998).

"The party opposing a motion to determine [the] sufficiency [of its answers] bears the burden of persuasion to show the court that its objection to the request is warranted or that its answer is sufficient."  *Valley Hous. Ltd. P'ship v. City of Derby*, No. 3:06CV1319(RNC), 2008 WL 178587, at *1 (D. Conn. Jan. 17, 2008) (unpublished).  A sufficient answer must "fairly meet the substance of the requested admission."  *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 677 (D. Kan. 1999) (internal quotation marks omitted).  An answer to a request for admission may be considered insufficient where the answer is not "specific" or where the explanation for a failure to admit or deny is not "in detail" as required by Rule 36(a)(4).  *See Foretich v. Chung*, 151 F.R.D. 3, 6 (D.D.C. 1993) (citing 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2263 (1970)).  However, a simple denial is specific and is a proper response to a request for admission; a party is not required to state a reason for denying a request for admission.  *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967–68 (3d Cir. 1988).

When a party makes a denial that the other party disputes, the remedy to the requesting party is to prove the truth of what was not admitted at trial and then move the Court for its

3

reasonable expenses incurred in making that proof, including reasonable attorney's fees.  Fed. R. Civ. P. 37(c)(2); *Nat'l Semiconductor*, 265 F. Supp. 2d at 74–75 ("[T]he validity, or *bona fides* [or truthfulness or legal legitimacy,] of a qualified answer to a request for admission must await the trial to see if the party forced to prove what was not admitted can meet the requirements of [Rule 37].").  The Court can neither strike an answer to a request for admission, *Harris*, 190 F.R.D. at 677, nor force a responding party to admit any facts in the case, 7 MOORE'S FEDERAL PRACTICE, § 36.12[3] ("A motion to determine the sufficiency of a response to a request for admission is not to be used as an attempt to litigate the accuracy of a response.  Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial.").

## Analysis

Plaintiff argues that "a reasonable application of the law to the facts establish[es that] Christopher Olson was being supervised by Allen Sultemeier . . . on July 2, 2015," and then asks the Court to find that Olson's denial of that fact was unreasonable and award sanctions against Pinnacle for Olson's "unreasonable" denial.  [Doc. 138] at 5.  Plaintiff's argument as to why Pinnacle should be sanctioned for Olson's alleged bad faith is unclear.  *See* [Doc. 158] at 2.  But even if the Court were to construe the Motion as being directed toward Defendant Olson, it would still be without merit.

Plaintiff cites no authority for the proposition that the Court is authorized, at this stage of the proceedings, to make a factual determination of the accuracy of a party's denial.  The plain text of Rule 36 provides no such authorization, and Plaintiff has cited no case holding that a court may deem a matter admitted because a party's unequivocal denial of a request for admission was unsupported by, or inconsistent with, the evidence.

As discussed above, a party served with a request for admission has a number of options. He or she can admit the matter at issue, deny the matter, object to the request, move for a protective order, do nothing, or state the reasons why he or she cannot respond.  Here, Olson clearly denied that he was being supervised by Sultemeier.  Regardless of its accuracy or veracity, that response was appropriate under Rule 36, and the Federal Rules of Civil Procedure do not allow Plaintiff to litigate, at this stage of the proceedings, whether the denial was justified. *See Nat'l Semiconductor*, 265 F. Supp. 2d at 74–75.  Rule 37 provides that a party who refuses to admit a certain matter in response to a Rule 36 request for admission can, under certain circumstances, be required to pay the expenses incurred by the opposing party in proving that particular matter at trial.  Fed R. Civ. P. 37(c)(2).  However, there is no provision in the Federal Rules allowing a party to litigate the veracity of a denied request for admission at this stage of the proceedings.

The Court finds that Plaintiff was not substantially justified in filing the motion, especially (but not exclusively) because he filed it against Pinnacle rather than Olson.  Further, the Court sees no other circumstances that would make an award of expenses unjust.  Therefore, pursuant to Fed. R. Civ. P. 36(a)(6), 37(a)(5)(B), the Court will award Pinnacle its reasonable expenses incurred in opposing the motion, including attorney's fees.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Discovery Sanctions [Doc. 137] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Pinnacle file an affidavit of the expenses it incurred in opposing the Motion no later than **November 1, 2016**. If Plaintiff disputes the amount or reasonableness of the expenses, he may respond no later than ten days after Pinnacle files its

affidavit.  No further argument on the merits of the motion will be entertained; Plaintiff may only respond if he contests the amount or reasonableness of the expenses.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**